IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT W JOHNSON,<br><br>                Plaintiffs,<br><br>  vs.<br><br>OFFICER R. PHILLIPS, BADGE #348;<br><br>                Defendant. | CIV. NO. 24-00399 RT-NONE<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT WITHOUT PREJUDICE |

**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT WITHOUT PREJUDICE**

Pro se litigant, Plaintiff Robert W Johnson ("Plaintiff"), filed an *Application to Proceed in District Court without Prepaying Fees or Costs* ("IFP Application") on September 16, 2024.  ECF No. 2.  In the *IFP Application*, Plaintiff indicates that Plaintiff has no income, money in cash or in any bank account, assets, housing or living expenses, dependents and debts or financial obligations.

The Court elects to decide the *IFP Application* without a hearing pursuant to Rule 7.1(d) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*.  After careful review of the *IFP Application* and relevant

law, the Court recommends that the *IFP Application* be **GRANTED** but that the *Complaint* be **DISMISSED WITHOUT LEAVE TO AMEND**.

## DISCUSSION

### I.     IFP Application

A court may authorize the commencement or prosecution of any suit without prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to pay the required fees.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life.").  In order to do so, the applicant seeking such authorization must submit an application requesting such relief and the application must set forth the applicant's financial status.  A litigant "need not be absolutely destitute[,] . . . [but] must allege poverty 'with some particularity, definiteness and certainty.'"  *Escobedo*, 787 F.3d at 1234 (citations omitted) (internal quotations omitted).

In the *IFP Application*, Plaintiff indicates that Plaintiff has no assets, liabilities or expenses.  By signing the *IFP Application*, Plaintiff declared that the information contained in the *IFP Application* is true and that any false statement may result in dismissal of Plaintiff's claims.  However, in this Court's experience, it is unusual for any individual seeking to proceed *in forma pauperis* to report that

he or she has absolutely no assets, liabilities or expenses. All applicants should report all assets, liabilities or expenses in their IFP Application regardless of how small the amount may be. Plaintiff is cautioned that the Court does not view lightly the failure to report and answer all questions truthfully in IFP Applications. The Court notes that "IFP status is a privilege, not a right ..." *See, e.g.*, *Rodriguez*, 169 F.3d 1176, 1179 (9th Cir. 1999); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). In part, this is because "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Nevertheless, based upon the information Plaintiff provided, the Court **GRANTS** the *IFP Application* but cautions Plaintiff that in the future, an application to proceed *in forma pauperis* should include full and complete information regarding Plaintiff's financial status, even if Plaintiff believes that the amounts are trivial.

## II.   Screening of the Complaint

In finding *in forma pauperis* status is appropriate in this case, the Court must conduct a mandatory screening of the *Complaint* and must dismiss this case if it is determined that "the allegation of poverty is untrue[,]" or "the action or appeal . . . is frivolous or malicious[,] fails to state a claim on which relief may be granted[,]

[or] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). While screening the *Complaint*, the Court must accept as true the allegations in the *Complaint*. *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976) (citation omitted). However, because Plaintiff is appearing pro se, the Court liberally construes the *Complaint*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### A.     The *Complaint* Fails to State a Claim

The Court finds that the *Complaint* fails to state any plausible claim upon which relief can be granted. Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") sets forth the pleading standard and requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "The Federal Rules require that averments 'be simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Although the federal rules adopt a flexible pleading policy, a complaint must "give[ ] fair notice and state[ ] the elements of the claim plainly and

4

succinctly." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted).

Detailed factual allegations are not required under Fed. R. Civ. P. 8, but the rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Even when construing the *Complaint* liberally, the Court is unable to find that Plaintiff has sufficiently alleged a viable claim. In the *Complaint*, Plaintiff claims to bring this action pursuant to 42 U.S.C. § 1983, but fails to explain how the Defendant acted under color of state or local law. ECF No. 1 at PageID.4. Plaintiff explains that the events giving rise to this action occurred in Syracuse, New York. Plaintiff's statement of claim is as follows:

> Ronald L Reid trespassed on Robert W Johnson [(Plaintiff)] property on 09/02/2024 and Syracuse Police Department was contacted via ADT alarm system . Officer E Mossow (Badge# 1073) , Officer Ponticello (Badge# 501) , K Albolino (Badge 494) and R Phillips (Badge # 348) of Syracuse

> Police Department failed to arrest and author a restraining order against Ronald L Reid.

*Id*. (spacing and other errors in original). Without further explanation, Plaintiff claims that the federal constitutional rights that were violated are "DISCRIMINATIONS , CIVIL RIGHTS VIOLATIONS AND DUE PROCESS VIOLATIONS." *Id*. at 3 (spacing error in original).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that a right secured by the Constitution and laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

> To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." . . . "[S]tate employment is generally sufficient to render the defendant a state actor."

*Id*. at 49-50. In the *Complaint*, Plaintiff vaguely states "discrimination" without stating what type of discrimination; Plaintiff claims civil rights violation without stating how Plaintiff's civil rights were violated; and Plaintiff claims due process violations without describing how Plaintiff was deprived of due process. Essentially, Plaintiff appears to list off claims without stating any facts supporting each of these claims. Accordingly, Plaintiff's statement of claim fails to even provide a threadbare recital of the elements of a viable cause of action and

therefore, fails to meet the pleading standards under Fed. R. Civ. P. 8. The *Complaint* should be dismissed.

### B. Lack of Jurisdiction

Plaintiff has not established that the court has personal jurisdiction over the Defendant. Personal jurisdiction is required for this court to adjudicate this case and render judgment against the Defendant.

> The district court considers two factors before exercising personal jurisdiction over a nonresident defendant in a diversity of citizenship case: "(1) whether an applicable state rule or statute potentially confers jurisdiction over the defendant; and (2) whether assertion of such jurisdiction accords with constitutional principles of due process.

*Barranco v. 3D Sys. Corp.*, 6 F. Supp. 3d 1068, 1077 (D. Haw. 2014) (citing *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984)) (citation omitted). "A plaintiff has the burden of establishing personal jurisdiction over a nonresident defendant." *Barranco*, 6 F. Supp. 3d at 1076 (citing *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010)) (citation omitted).

Personal jurisdiction may be general or specific. This Court does not have general jurisdiction over the Defendant. "A court may exercise general jurisdiction over a defendant when the defendant is a resident or domiciliary of the forum state, or the defendant's contacts with the forum state are continuous, systematic, and substantial." *Resnick v. Rowe*, 283 F. Supp. 2d 1128, 1135 (D. Haw. 2003) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16 (1984))

(citation omitted).  A court may exercise specific jurisdiction if the following is shown:  "1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable."  *Resnick*, 283 F. Supp. 2d at 1135 (citing *Roth v. Garcia Marquez*, 942 F.2d 617, 620-21 (9th Cir. 1991)).

In the *Complaint*, Plaintiff lists his address as well as the sole Defendant's address as being located in Syracuse, New York.  ECF No. 1 at PageID.2.  It is likely that Plaintiff and Defendant are citizens of New York.  Moreover, the *Complaint* states that the events giving rise to this action occurred in Syracuse, New York on September 2, 2024.  *Id*. at 4.  The facts alleged do not establish that the Defendant has had any sort of contact with Hawaii or that the Defendant purposely availed himself to privileges in Hawaii.  Moreover, the facts alleged establish that the events giving rise to this action occurred in New York and not Hawaii.  Because Plaintiff has not alleged that Defendant is a citizen of Hawaii, and the events in this action occurred in New York, this Court does not have personal jurisdiction over the Defendant.

C.   **Improper Venue**

As previously discussed, the district court may dismiss this case solely based on the lack of personal jurisdiction; however, this case may also be dismissed for improper venue. A "federal district [court] may only preside over cases for which venue lies." *Ruhe v. Krall*, CV 22-00555 DKW-RT; 2023 WL 3098330, at *3 (D. Haw. Apr. 26, 2023) (citing 28 U.S.C. § 1391(b)(1)-(2)). "Venue is proper (1) in any judicial district in which any defendant resides, as long as all defendants are residents of the same state in which the district is located; or (2) in a judicial district in which 'a substantial part of the events or omissions giving rise to the claim occurred." *Ruhe*, 2023 WL 3098330, at *3 (citing 28 U.S.C. § 1391 (b)(1)-(2)). Venue is not proper in this case under the first requirement because Plaintiff lists Defendant's address as being located in Syracuse, New York. Based upon the information Plaintiff provides in the *Complaint*, the only reasonable conclusion that can be made is that Defendant is a citizen of New York. Venue is not proper under the second requirement because Plaintiff clearly states that the events giving rise to this claim occurred Syracuse, New York. ECF No. 1 at PageID.4.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

> To transfer a case, a defendant must first show that the transferee court is one in which the action could have been commenced originally. Second, a

defendant must show that transfer would result in greater convenience to the parties and witnesses, as well as advance the interest of justice.

*Barranco v. 3D Sys. Corp.*, 6 F. Supp. 3d 1068, 1076-77 (D. Haw. 2014) (citing 28 U.S.C. § 1404(a)). In considering whether a transfer should be made in the interest of justice, the Court may consider "issues of delay, inconvenience to the parties, and waste of judicial resources" or "when procedural obstacles impede an expeditious and orderly adjudication . . . on the merits." *Bibiano v. Lynch*, 834 F.3d 966, 974 (9th Cir. 2016) (citation omitted); *Hazel v. Lappin*, 614 F. Supp. 2d 66, 72 (D.D.C. 2009) (citations omitted) (internal quotations omitted). The Court finds that none of these factors warrant a transfer of venue to New York. Plaintiff lists Plaintiff's address as being located in Syracuse, New York and no statute of limitations issue prevents Plaintiff from timely filing the *Complaint* in that district. The Court thus finds that a dismissal without prejudice is appropriate in this case.

### D. Dismissal Should Be Without Leave to Amend

Based upon a careful review of the *Complaint*, this Court finds that the aforementioned defects "[can]not possibly be cured by the allegation of other facts" and that justice does not require leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation omitted). Plaintiff listed Defendant's address as being in New York, and Plaintiff made a clear statement that the events in this action only occurred in New York. Even if the Court liberally construes the facts in this case, an amendment will not cure the lack of

personal jurisdiction over the Defendant or the lack of venue. Accordingly, the *Complaint* should be dismissed without leave to amend but without prejudice as to Plaintiff refiling his claim(s) in the correct district.

## CONCLUSION

The Court **FINDS** that Plaintiff has demonstrated an inability to pay the required fees and still afford the necessities of life and thus **RECOMMENDS** that the district court **GRANT** the *IFP Application*. However, the Court **FINDS** that it lacks personal jurisdiction over the Defendant and that venue is improper in this district. The Court also **FINDS** that these deficiencies cannot be cured by an amendment. The Court thus **RECOMMENDS** that the district court **DISMISS** the *Complaint* **WITHOUT LEAVE TO AMEND** but **WITHOUT PREJUDICE** as to Defendant filing the *Complaint* in the proper district.

Due to the lack of full consent of the parties under 28 U.S.C. § 636(c), the Clerk's Office is directed to **ASSIGN** this case to a district judge. Magistrate Judge Trader to remain as the assigned Magistrate Judge.

//

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 21, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 24-00399 RT-NONE; *Robert W Johnson vs. Officer R. Phillips, Badge #348*; Findings and Recommendation to Grant Plaintiff's Application to Proceed without Prepaying Fees and Dismiss the Complaint Without Prejudice